IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 26-2-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| SHAWN RYAN COWAN, | |
| Defendant. | |

Defendant Shawn Ryan Cowan is charged with being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) Cowan now moves to dismiss his Indictment. (Doc. 19.) Cowan does not challenge the constitutionality of section 922(g)(1) under the Second and Fourteenth Amendments, instead he asserts that he is not a prohibited person because he does not have a qualifying predicate offense as required by section 922(g)(1). The government opposes his motion. (Doc. 21.) A motion hearing was held on March 11, 2026. Based on the current record, the briefing provided by the parties, and the arguments at the March 11, 2026 hearing, Cowan's motion is denied.

## BACKGROUND

In 2002, Cowan pled guilty to felony aggravated kidnapping, Mont. Code Ann. § 45-5-303(1)(c)(1). (Doc. 20-1.) The Montana Twenty-First Judicial

1

District Court ("State District Court") imposed a six-year deferred sentence. (*Id.*) In 2005, the State District Court revoked his suspended sentence and imposed a 10-year commitment to the Montana Department of Corrections with six years suspended. (Doc. 20-3.)

In 2008, Cowan pled guilty to felony burglary, Mont. Code Ann. § 45-6-204(1), and felony possession of dangerous drugs, Mont. Code Ann. § 45-9-102. (Doc. 20-2.) The State District Court imposed a five-year suspended sentence on each count to run concurrently with one another, (*id.*), and with his 2002 conviction, (*see* Doc. 20-3 (noting the original 2008 Judgment was amended)).

In 2013, the State District Court revoked the suspended portions of both of Cowan's sentences. (Doc. 20-3.) As to the 2002 conviction, the State District Court imposed a 6-year commitment. (*Id.*) As to the 2008 conviction, the State District Court imposed a 5-year commitment, to run concurrently. (*Id.*)

Cowan was required to register as a violent offender for ten years based on his aggravated kidnapping conviction. Mont. Code Ann. §§ 46-23-504, 46-23-502(14)(a)(x). Because he was then convicted of another felony during his ten-year registration period, Cowan is required to remain registered as a violent offender for life. Mont. Code Ann. § 46-23-506(2)(b).

It is uncontested that on August 7, 2018, all of Cowan's felony sentences expired.

On January 8, 2026, Cowan was charged by a single-count Indictment for being a prohibited person in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1.)  The Indictment alleges

> That between on or about May 2025 and August 6, 2025, at Hamilton, in Ravalli County, in the State and District of Montana, the defendant, SHAWN RYAN COWAN, knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting interstate commerce, a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(l).

(*Id.*)  On February 18, 2026, Cowan moved to dismiss the Indictment.  (Doc. 19.) The government opposes.  (Doc. 21.)

### LEGAL ANALYSIS

Under Rule 12(b)(3)(B)(v) of the Federal Rule of Criminal Procedure, a defendant may move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense."  In considering a motion to dismiss an indictment, a court must accept the allegations in the indictment as true and "analyz[e] whether a cognizable offense has been charged."  *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).  "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment."  *Id.*  A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact."  *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986), *cert. denied*, 478 U.S. 1007 (1986).  Consistently, the purely legal question of whether a prior conviction

3

qualifies as a predicate felony under section 922(g)(1), *United States v. McAdory*, 935 F.3d 838, 842 (9th Cir. 2019), *overruled on other grounds by United States v. Gomez*, 165 F.4th 1199 (9th Cir. Jan. 13, 2026), may properly be addressed pre-trial because it does not require taking evidence or making factual determinations, *see United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) ("The [c]ourt should not consider evidence not appearing on the face of the indictment.") (alteration in original).

## ANALYSIS

An offense qualifies as a predicate felony conviction under section 922(g)(1) if it is "punishable by imprisonment for a term exceeding one year."

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). "In other words, if a felon falls within one of the categories specified by section 921(a)(20), his felony conviction may not serve as a predicate conviction for a violation of section 922(g)(1), unless he has been informed by the state statute or other state action of any prohibition concerning firearms." *United States v. Cardwell*, 967 F.2d 1349, 1350 (9th Cir. 1992). Accordingly, "[t]he last clause of [section 921(a)(20)] is known as the 'unless

4

clause.'" *Van Der Hule v. Holder*, 759 F.3d 1043, 1046 (9th Cir. 2014).  Courts in the Ninth Circuit utilize a three-step process to determine whether a state conviction qualifies as a predicate offense under section 922(g)(1):

> 1. Use state law to determine whether the defendant has a "conviction." If not, the defendant is not guilty.  If so, go to step 2.
>
> 2. Determine whether the conviction was expunged, set aside, the defendant was pardoned, or the defendant's civil rights were restored. If not, the conviction stands.  If so, go to step 3.
>
> 3. Determine whether the pardon, expung[e]ment, or restoration of civil rights expressly provides that the defendant may not ship, transport, possess, or receive firearms.  If so, the conviction stands.  If not, the defendant is not guilty.

*Van Der Hule*, 759 at 1046 (alteration in original).

Here, it is uncontested that Cowan has two prior felony convictions and that his rights were restored automatically on August 7, 2018 by operation of Montana law. (Doc. 20 at 2; Doc. 21 at 6; Doc. 23 at 1.)  Accordingly, those convictions do not qualify as a predicate offense under section 922(g)(1) "unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."  18 U.S.C. § 921(a)(20).

Cowan argues that his prior convictions do not trigger the "unless clause" because, for a brief period in 2021, his right to carry a firearm under Montana law was completely unrestricted.  Cowan concedes that from August 2018 to February 2021 he was unable to conceal carry a firearm under Montana law because of his

5

prior convictions. *See* Mont. Code Ann. §§ 45-8-316(1), 45-8-317(1)(g) (2017), § 45-8-321(1)(c)(ii). However, he insists that in February 2021, the "'unless clause' was no longer triggered" because Montana adopted constitutional carry. (Doc. 20 at 8 (citing Mont. Code Ann. § 45-8-316(3) (2021) ("February 2021 Law")).) "For at least 8 months, . . . Cowan had no restrictions on what firearms he could possess, or how he may possess them." (Doc. 20 at 12.) Then, in October 2021, Montana enacted a law prohibiting registrants on the sexual or violent offender registry ("SVOR")—of which Cowan is a lifetime registrant—from possessing firearms. (Doc. 20 at 9 (citing Mont. Code Ann. § 45-8-313(1)(c) ("October 2021 Law")).) Cowan argues that because the October 2021 Law is punitive and non-retroactive, it cannot trigger the "unless clause" and "strip" him of his right to bear arms "without violating the *ex post facto* clauses of the state and federal constitutions." (Doc. 20 at 12.)

The government argues that because "[t]he laws of the state at the time of restoration govern the scope of restoration," (Doc. 21 at 7), and Cowan admits the "unless clause" was triggered in 2018 when his rights were restored, his convictions qualify as a predicate offense under section 922(g)(1). Alternatively, the government asserts that Cowan's motion fails on two additional grounds: (1) Cowan's firearm possession has always been restricted by his violent offender status and (2) the October 2021 Law "is not an *ex post facto* law under Ninth

6

Circuit precedent." (Doc. 21 at 9 n.2.) Because the government is correct as to its first argument, its alternative arguments are not reached.

## I.   Step 1: Conviction

At the first step of process to determine whether a state conviction qualifies as a predicate offense under section 922(g)(1), courts "[u]se state law to determine whether the defendant has a 'conviction.'" *Van Der Hule*, 759 F.3d at 1046. An offense qualifies as a predicate felony conviction under section 922(g)(1), if it is "punishable by imprisonment for a term exceeding one year." It is uncontested that both Cowan's 2002 felony conviction and his 2008 felony conviction were for offenses punishable by imprisonment for a term exceeding one year under Montana law. (Docs. 20-1, 20-2, 21-1; Doc. 20 at 6 (Cowan concedes that his "criminal history shows two felony convictions, one in 2002 and one in 2008, both in Montana.").) Accordingly, Cowan has two convictions under section 922(g)(1).

## II.   Step 2: Civil Rights Restoration

Next, courts must "[d]etermine whether the conviction was expunged, set aside, the defendant was pardoned, or the defendant's civil rights were restored. If not, the conviction stands. If so, go to step 3." *Van Der Hule*, 759 F.3d at 1046. It is uncontested that because the sentences for both of Cowan's convictions expired on August 7, 2018, his civil rights were automatically restored by operation of Montana state law. (Doc. 20 at 6; Doc. 21 at 6; *see* Mont. Const. art. II § 28(2)

("Full rights are restored by termination of state supervision for any offense against the state."); Mont. Code Ann. § 46-18-801(2) ("[I]f a person has been deprived of a civil or constitutional right by reason of conviction for an offense and the person's sentence has expired . . . , the person is restored to all civil rights and full citizenship, the same as if the conviction had not occurred.").) Accordingly, Cowan's civil rights were restored.

## III.    Step 3: "Unless Clause"

Next, courts must "[d]etermine whether the . . . restoration of civil rights expressly provides that the defendant may not ship, transport, possess, or receive firearms. If so, the conviction stands." *Van Der Hule*, 759 F.3d at 1046 (alteration in original). While "state law is the source of law for restorations," federal law "governs the interpretation of the unless clause." *Caron v. United States*, 524 U.S. 308, 316 (1998). As to such interpretation of the "unless clause," "courts must determine the effect of the . . . restoration of civil rights at the time it is granted and cannot consider whether the defendant's civil rights later were limited or expanded." *Cardwell*, 967 F.2d 1349, 1350–51 (9th Cir. 1992) (the "*Cardwell* approach"); *see United States v. Collins*, 61 F.3d 1379 (9th Cir. 1995) (applying the *Cardwell* approach).

Cowan concedes that on the day his civil rights were restored, August 7, 2018, Montana law restricted his ability to possess firearms, thereby triggering the

"unless clause." (Doc. 20 at 2, 7). Because of this concession, Cowan's arguments that the "unless clause" was later untriggered and cannot be retriggered without violating the *ex post facto* clause rely entirely on disregarding the "'snapshot' approach" adopted in *Cardwell*. (Doc. 23 at 2.) However, the *Cardwell* approach is good law and will not be disregarded.

The Ninth Circuit appropriately articulated its approach in *Cardwell* based on the "plain meaning of [the] use of the present tense in" section 921(a)(20). 967 F.2d at 1350–51. Consistently, on the day Cowan's civil rights were restored, August 7, 2018, he was ineligible for a concealed weapons permit because his 2002 conviction had, as an element of the offense, unlawful restraint, Mont. Code Ann. § 45-8-321(1)(c)(ii), which meant that Montana law prevented him from concealing a firearm on his person without a permit from the Sheriff's Department, Mont. Code Ann. §§ 45-8-316(1), 45-8-317(1)(g) (2017). A Sheriff's statutory mandate to deny certain individuals conceal carry permits triggers the "unless clause." *Van der Hule*, 759 F.3d at 1049–50. This was the "state law at the time of the restoration," which "determin[es] whether a restoration of civil rights expressly prohibits firearm possession." *Cardwell*, 967 F.2d at 1351. Indeed, "once a felon's rights have been restored for a particular offense, later changes in state law are irrelevant for purposes of section 921(a)(20). " *United States v. Collins*, 61 F.3d 1379, 1383 (9th Cir. 1995).

9

Thus, when Cowan's civil rights were restored on August 7, 2018, he was expressly prohibited by state law from obtaining a concealed carry permit, thereby triggering the "unless clause."  Whether his rights were later "expanded" by state law, is irrelevant for the purposes of section 921(a)(20).  *Cardwell*, 967 F.2d at 1350–51.  Accordingly, the government has charged a cognizable offense.  There is no need to consider the parties' alternative arguments.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that Cowan's motion to dismiss the indictment, (Doc. 19), is DENIED.

DATED this 11th day of March, 2026.

Donald W. Molloy, District Judge
United States District Court