IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>SHAWN RYAN COWAN,<br><br>Defendant/Movant. | Cause No. CR 26-02-M-DWM<br><br>ORDER |

This matter is before the Court on a motion to vacate under 28 U.S.C. § 2255 filed by Defendant Shawn Ryan Cowan ("Cowan"). (Doc. 90.) Throughout these proceedings, and despite being represented by counsel, Cowan has previously filed pro se motions. *See, e.g.* (Doc. 62.) As explained herein, the motion will be dismissed without prejudice.

**Background**

Following a jury trial held before this Court on April 13, 2026, Cowan was found guilty of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). *See*, (Doc. 48.) On September 8, 2026, Cowan was sentenced to 24 months in the Bureau of Prisons, to be followed by 3 years of

supervised release. *See*, Judg. (Doc. 87.) Through counsel, Cowan filed a Notice of Appeal the following day. (Doc. 89.)

In his 63-page motion to vacate, Cowan generally alleges that the federal indictment lodged against him was unconstitutional. Cowan traces the history of the right to appointed counsel and the purported failures of the Montana state public defender system. *See e.g.*, (*Id.* at 6-9.) Cowan asserts that in the early 2000's he was wrongfully convicted of state felonies and had he not been, Cowan argues he could not have, in turn, been charged federally. (*Id.*) Cowan also believes under state law that an individual's right to possess firearms has been extended. (*Id.* at 12-15.) Cowan suggests that he was provided ineffective assistance of counsel and did not receive a fair trial in his federal proceedings. (*Id.* at 22-30.) Cowan also sets forth the historical context and challenges the present state of federal law under the Second Amendment as applied to his case. (*Id.* at 32-44.)

Given that his notice of appeal was just filed and that no briefing schedule for Cowan's direct appeal has yet been entered, it is unclear what claims Cowan will present on appeal.

**Analysis**

Collateral proceedings are generally not permitted while a direct appeal is pending. "Generally, the noting of such an appeal severely restricts the filing of a

collateral claim with the District Court, to avoid any anomaly associated with the simultaneous consideration of the same case by two courts." *United States v. Taylor*, 648 F. 2d 565, 572 (9th Cir. 1981)(citations omitted). Instead, "[t]he usual practice is to make a collateral assertion of error subsequent to the date of decision in the direct appeal. When this path is followed the risk of duplicitous and conflicting judicial administration is minimized, inasmuch as the disposition of the direct appeal may render the motion moot." *Taylor*, 648 F. 2d at 572; *see also Black v. United Staes,* 269 F. 2d 38, 41 (9th Cir. 1959)("[A] section 2255 motion to vacate sentence…may not be entertained if there is a pending appeal in good standing, since disposition of the appeal may render the motion unnecessary.").

While this is a "rule of forbearance" and not necessarily a jurisdictional bar, *see e.g., United States v. LaFromboise*, 427 F. 3d 680, 686 n.9 (9th Cir. 2005), the district court is to entertain a collateral review motion during the pendency of a direct appeal only when "extraordinary circumstances" outweigh considerations of administrative convenience and judicial economy. *Taylor*, 648 F. 2d at 572 (*citing Jack v. United States,* 435 F. 2d 317, 318 (9th Cir. 1970)(per curiam).

In the instant matter, there are no extraordinary circumstances that would require the Court to deviate from the typical policy of forbearance and entertain Cowan's § 2255 motion while his direct appeal is pending. Additionally, some of the very issues identified by Cowan in his § 2255 motion may be addressed by the

Ninth Circuit on direct appeal. Judicial economy instructs this Court to stay its hand. Accordingly, Cowan's premature § 2255 motion will not be heard while his direct appeal is pending.

Cowan's motion will be dismissed without prejudice as his direct appellate review has not yet been completed. *See e.g., LaFromboise*, 427 U.S. at 686. Cowan may return to this Court, if appropriate, at the conclusion of his direct appeal. Cowan should refrain from filing additional pro se motions in this matter while his direct appeal is pending and he is represented by counsel.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. Cowan has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253( c)(2). Accordingly, a certificate of appealability will be denied.

Accordingly, IT IS HEREBY ORDERED:

1. Cowan's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 90) is DISMISSED without prejudice. Cowan may refile a § 2255 motion following the conclusion of his direct appeal.

2. A certificate of appealability is DENIED.

3. The Clerk of Court shall close the corresponding civil file of CV 26-141-M-DWM by entering a judgment of dismissal.

DATED this 16th day of September, 2026.

Donald W. Molloy, District Judge
United States District Court